IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WARREN SMALL, | § | |
| | § | No. 96, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1209020733 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 18, 2020
Decided: March 23, 2020

Before **SEITZ**, Chief Justice; **VALIHURA**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On March 6, 2020, the Court received Warren Small's notice of appeal from a February 4, 2020 Superior Court violation of probation sentencing order. To be timely filed, the notice of appeal had to be received by the Clerk or a Deputy Clerk in any county on or before March 5, 2020.[1]

---

[1] Del. Supr. Ct. R. 6(a); Del. Supr. Ct. R. 10(a); Del. Supr. Ct. R. 11(a).

(2) On March 6, 2020, the Chief Deputy Clerk issued a notice directing Small to show cause why his appeal should not be dismissed as untimely. Small filed a response to the notice to show cause, stating that he had placed his notice of appeal in the prison mail on February 25, 2020. Small attached a copy of his inmate statement, which shows that his account was charged for postage on February 27, 2020.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5] It is undisputed that Small's notice of appeal was received by the Court after the thirty-day deadline. Delaware has declined to adopt the prison mailbox rule, wherein a *pro se* prisoner's notice of appeal is deemed "filed" at the moment it is delivered to prison authorities for forwarding to the Court.[6]

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 485-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *Smith v. State*, 47 A.3d 481, 483-87 (Del. 2012).

(4)     The record does not reflect that Small's failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice